IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| WAYNE A. HUSSAR, II,<br><br>Petitioner,<br><br>vs.<br><br>BILLIE REICH, MONTANA DEPARTMENT OF CORRECTIONS, MONTANA DEPARTMENT OF PROBATION AND PAROLE, MONTANA SUPREME COURT, ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | CV 26-03-BLG-WWM<br><br><br>ORDER |

This matter comes before the Court on state pro se petitioner Wayne A. Hussar's handwritten "Habeas Corpus Appeal." (Doc. 1). Hussar alleges he was arrested on an illegal warrant in July, 2022 for absconding from supervision and that his parole was revoked without cause. Hussar argues he was effectively "kidnapped" by the Respondents and that the Montana Supreme Court failed to rectify this wrong by granting him habeas relief. (*Id.* at 1). He seeks monetary compensation for his false arrest. He also asks this Court to perform an "inquisition" of the Montana Supreme Court. (*Id.*)

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires courts to examine the petition before ordering the respondent to file an answer or any other pleading. The petition must be summarily dismissed "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id.*; see also, 28 U.S.C. § 1915A(B)(1)-(2) (the court must dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally "frivolous or malicious" or fail to state a basis upon which habeas relief may be granted).

The petition at hand is the third one that Hussar has filed in this Court challenging the 2022 revocation of his parole. This Court considered the merits of his claims and found that he was not entitled to federal habeas relief. *Hussar v. McTighe*, Cause No. CV-23-60-BLG-SPW, Ord. (D. Mont. August 22, 2023). A subsequent challenge to the same revocation was denied as an unauthorized second or successive petition. *Hussar v. Bludworth*, Cause No. CV-24-15-BLG-SPW, Ord. (D. Mont. Feb. 8, 2024). There, Hussar was advised that this Court lacks jurisdiction to hear a second petition, challenging his 2022 parole revocation, unless he first obtains authorization from the Court of Appeals to file a second habeas petition in this Court. (*Id.* at 2-4)(*citing* 28 U.S.C. § 2244(b); *Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam)).

Hussar's present petition must be dismissed. Hussar's 2022 judgment imposed upon revocation represents the only state criminal proceeding for which he seeks review. No matter how he has tried to appeal or modify the underlying sentence, the intent of Hussar's repeated actions has been to affect the outcome of his underlying criminal proceedings. That is the purpose of his habeas petition here. As Hussar has been previously informed, the Court lacks jurisdiction to consider any further challenges to Hussar's 2022 revocation judgment unless and until the Ninth Circuit authorizes him to do so. *See, Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam). Absent such authorization, Hussar may not proceed in this Court.

Additionally, to the extent that Hussar asks this Court to review the Montana Supreme Court's decisions denying him habeas relief, this Court lacks jurisdiction to act in such a manner. Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and federal statutes. *Rasul v. Bush*, 542 U.S. 466, 489 (2004). As a court of limited jurisdiction, this Court has an obligation to dismiss claims for which it lacks subject matter jurisdiction. *Demarest v. United States*, 718 F. 2d 964, 965 (9th Cir. 1983); *see also Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F. 3d 593, 594-95 (9th Cir. 1996). Federal district courts do not have appellate jurisdiction over state courts, whether by direct appeal, mandamus, or otherwise. *See e.g., Rooker v. Fid. Trust Co.*, 263

U.S. 413, 425026 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983); *see also, MacKay v. Pfeil*, 827 F. 2d 540, 543 (9th Cir. 1987); *Atlantic Coast Line R. Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 296 (1970)("lower federal courts possess no power whatever to sit in direct review of state court decision"). It would be entirely inappropriate for the Court to review the Montana Supreme Court's operations or decisions denying Hussar habeas relief.

**Certificate of Appealability**

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Because Hussar has not made the requisite showing, a certificate of appealability will be denied.

Based on the foregoing, the Court enters the following:

4

## ORDER

1. Hussar's Petition (Doc. 1) is DISMISSED with prejudice as an unauthorized successive petition.

2. The Clerk of Court is directed, by separate document, to enter Judgment in favor of Respondents and against Petitioner.

3. A certificate of appealability is DENIED.

DATED this 13th day of January, 2026.

_____
WILLIAM W. MERCER
UNITED STATES DISTRICT JUDGE